IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,336-01






EX PARTE LINTON JEROME WINFIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14935(A)(2) IN THE 329TH DISTRICT COURT


FROM WHARTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of money laundering
and sentenced to three (3) years' imprisonment. 

 Applicant contends that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles on September 8, 2006. 

 On December 13, 2006, this Court remanded this application to the trial court for findings
of fact and conclusions of law. On January 30, 2007, the trial judge entered an order finding that
applicant received insufficient notice of his upcoming review for mandatory supervision. The trial
judge ordered that the Texas Board of Pardons and Paroles grant Applicant another hearing on
mandatory supervision. However, there is still not sufficient information in the record to determine
whether Applicant's due process rights have been violated by the failure to notify him that he would
be considered for release on mandatory supervision on September 8, 2006. See Ex parte Retzlaff,
135 S.W.3d 45 (Tex. Crim. App. 2004). 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d), in that it may order the Texas Board of Pardons and Paroles
to file an affidavit listing the date on which Applicant was notified of his September 8, 2006, review
for release on mandatory supervision. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 21, 2007

Do not publish